## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ELKA VARGAS RODRIGUEZ** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | **5:21-cv-00500** |
| | § | |
| **THE MEDICAL TEAM, INC.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **ELKA VARGAS RODRIGUEZ**, hereinafter referred to as "Plaintiff," bringing this cause of action under the Fair Labor Standards Act 29 U.S.C. § 203 et. seq. against Defendant **THE MEDICAL TEAM, INC.**, hereinafter referred to as "Defendant." For cause of action, Plaintiff respectfully shows unto the Court the following:

## I.
## PARTIES

1.     Plaintiff **ELKA VARGAS RODRIGUEZ** is a resident of Bexar County, Texas.

2.     Defendant **THE MEDICAL TEAM, INC.** is a Virginia Corporation doing business within the Western District of Texas, San Antonio Division.  Defendant may be served by serving its registered agent, United States Corporation, 211 E. 7th Street, Suite 620, Austin, Texas.  A waiver of service has been requested.

## II.
## JURISDICTION AND VENUE

1

3.      This Court has jurisdiction over the claims because Plaintiff has asserted a claim arising under federal law, the Fair Labor Standards Act.

4.      Venue is proper in the Western District of Texas, San Antonio Division because the events forming the basis of the suit occurred within the Western District of Texas San Antonio Division.

## III.
## MISNOMER/MISIDENTIFICATION

5.      In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.
## RESPONDEAT SUPERIOR

6.      Employees involved in this cause of action were, at all times described herein, employees of Defendants and were at all times acting in the course and scope of that employment.  Accordingly, Defendants are liable for such conduct under the doctrine of *Respondeat Superior*.

## V.
## FACTUAL BACKGROUND

7.      Plaintiff Elka Vargas Rodriguez began working for Defendant The Medical Team, Inc. as a field recruiter on or about January 2, 2017.  She was hired at a rate of $20.00 per hour.

2

8.      On or about November 6, 2017, her title was changed to Staffing Specialist and her pay was raised to $25.00 per hour.  However, she was no longer paid overtime.

9.      Initially, Defendant told Plaintiff that she should receive comp time for overtime hours.  She was instructed to only enter up to 8 hours per day on her timesheet. She was also told to write a notation indicating how many hours beyond that she worked and indicate that they were comp time.

10.      Plaintiff made her managers aware that she was working overtime hours on a regular basis.

11.      As a recruiter/staffing specialist, Ms. Vargas Rodriguez was responsible for connecting candidates for job openings in the medical field to those seeking to hire them.

12.      Because of this she often had to speak with candidates outside of normal business hours, since many of them were currently employed elsewhere.

13.      As a result, Ms. Vargas Rodriguez had to frequently work overtime.

14.      Plaintiff would regularly work overtime, up to 8 hours of overtime per day but would only be compensated for 8 hours of work.  Based on a wage of $25.00 per hour, she should have been compensated at an overtime rate of $37.50 per hour for each overtime hour worked.

15.      Plaintiff was even denied the comp time that she was originally promised, when she attempted to use that time she was told that it was not available to her because she was exempt.

16.     On or about June 26, 2019, Plaintiff was informed by Defendant that although she was a high performing employee, her position was being eliminated and she was terminated.

17.     During 2019, Plaintiff worked 300.6 hours of overtime for which she was not paid.  At a rate of $37.50 per hour this comes out to a total of $11,272.50.

18.     Additionally in 2018 and 2017 Plaintiff worked at least 636.5 hours of overtime per year for which she was not compensated.  At a rate of $37.50 per hour, Plaintiff should have been paid $23,868.75 for each year in overtime.

## VI.
## CAUSES OF ACTION

**Failure to Pay Wages in Accordance with the Fair Labor Standards Act**

19.     The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and  one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

20.     Defendant's failure to pay overtime and/or forcing Plaintiff to work any off the clock hours violated the Fair Labor Standards Act of 1938 as currently amended and codified at 29 U.S.C. §201 *et seq*. (FLSA). Therefore, Plaintiff is entitled to recover regular

4

and/or overtime pay for each hour worked off the clock and/or in excess of 40 hours during any one work week at the rate of one and one half times their hourly rate.

21.     Plaintiff would show that the FLSA violations were willful and as such Plaintiff is entitled to accrued, unpaid overtime pay.   Plaintiff is further entitled to liquidated damages in an amount equal to the overtime benefits due because of the willful nature of the Defendant's failure to take reasonable steps to comply with the FLSA. Plaintiff is also entitled to recover mandatory attorneys' fees under the statute.

## VII.
## COVERAGE

22.     At all material times, Defendant has acted directly or indirectly in the interest of an employer or joint employer with respect to Plaintiff.

23.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24.     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

26.     At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VIII.
## ATTORNEY'S FEES

27.     It was necessary for Plaintiff to retain the services of the undersigned attorneys to prosecute this action.  Plaintiff is entitled to recover the reasonable and necessary attorney's fees, expert fees and court costs to prosecute this action as authorized under the FLSA.  Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

a.     Preparation and trial of the claim, in an amount the jury deems reasonable;

b.     Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

c.     An appeal to the 5th Circuit Court of Appeals, in an amount the jury deems reasonable;

d.     Making or responding to an Application for Writ of Certiorari to the Supreme Court of the United States, and attorneys' fees in the event that application for Writ of Certiorari is granted, in an amount the jury deems reasonable; and,

e.     Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## IX.
## DAMAGES

28.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant:

a.     Overtime pay, time and one half pay, for all hours worked while

employed by Defendant that were in excess of 40 hours per week and for all regular time and/or overtime hours worked "off the clock" during the business day;

b.      All reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiffs;

c.      All reasonable and necessary costs incurred in pursuit of this suit;

d.      Expert fees as the Court deems appropriate;

e.      Pre and Post judgment interest as allowed by law;

## X.
## JURY DEMAND

29.      Plaintiff further demands a trial by jury. A jury fee has been tendered.

## XI.
## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein and that upon a final hearing hereof, a judgment be rendered for Plaintiff and against the Defendant for the actual damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court, pre-judgment interest, post-judgment interest, liquidated damages, and for such other and further relief to which Plaintiff may be justly entitled.

**Respectfully Submitted,**

**/s/ *Alan Braun***
**Adam Poncio**
**State Bar No. 16109800**
**salaw@msn.com**
**Alan Braun**
**State Bar No. 24054488**
**abraun@ponciolaw.com**

**PONCIO LAW OFFICES**

**A Professional Corporation**
**5410 Fredericksburg Rd., Suite 310**
**San Antonio, Texas  78229**
**Telephone: (210) 212-7979**
**Facsimile:   (210) 212-5880**

**ATTORNEYS FOR PLAINTIFF**